United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AUDRY WAYNE LAW,<br><br>                    Plaintiff,<br><br>          v.<br><br>ROBERT JOHNSON, Deputy District Attorney,<br><br>                    Defendant. | Case No.: 11-CV-06163-LHK<br><br>ORDER GRANTING DEFENDANT'S<br>MOTION TO DISMISS; DENYING<br>PLAINTIFF'S MOTION TO APPOINT<br>COUNSEL |

On February 14, 2011, Defendant Robert Johnson, Deputy District Attorney for the County of Santa Clara ("Defendant"), filed a motion to dismiss Plaintiff's complaint with prejudice. ECF No. 8 ("MTD"). On March 7, 2012, Plaintiff Audry Wayne Law ("Plaintiff") opposed the motion. ECF No. 2. On March 14, 2012, Defendant filed a reply. ECF No. 16.[1] On March 9, 2012, Plaintiff also filed a motion for appointment of counsel. ECF No. 17 ("Pls.' Mot."). Pursuant to Civil Local Rule 7-1(b), the Court finds these two motions appropriate for determination without oral argument. Accordingly, the hearing on the two motions set for July 19, 2012, is hereby VACATED. Having considered the submissions of the parties and the relevant law, Defendant's motion to dismiss is GRANTED, and Plaintiff's motion to appoint counsel is DENIED.

---

[1] Plaintiff also filed an additional opposition on March 15, 2012. ECF No. 21. This additional brief was not authorized by the Civil Local Rules, and is therefore stricken.

1

1

## I.    Factual and Procedural Background

2          In 2010, Plaintiff, a resident of San Jose, pled guilty to a violation of California Health and

3   Safety Code § 11377, for unauthorized possession of a controlled substance.  Compl. ¶¶ 6-8.

4   Sometime thereafter, Plaintiff attempted to withdraw his plea.  Compl. ¶ 7.  Plaintiff alleges that

5   during a hearing in Plaintiff's criminal case, Defendant falsely alleged that Plaintiff was in

6   "Possession of 0.04 grams meth and cocaine base 6.64 grams" in an attempt to intimidate Plaintiff

7   from withdrawing his guilty plea.  Compl. ¶¶ 7, 21, 22.  At the hearing in Plaintiff's criminal case,

8   Defendant stated that if Plaintiff withdrew his guilty plea, Defendant would amend the "charge of

9   penal code 11350."  Compl. ¶ 7.  Plaintiff alleges that Defendant "negligently or intentionally used

10  false, fabricated [] evidence he knew or should have know[n] was corrupt, false and completely

11  lacking credibility, to establish intimidation, cause to effectuate the proceeding and subsequent[ly]

12  get a wrongful convection [sic]."  Compl.  ¶ 23.  Plaintiff alleges that Defendant never filed

13  charges or amended charges alleging possession of cocaine.  Compl. ¶ 8

14         Plaintiff was apparently convicted, and he appealed his conviction to the California Court

15  of Appeal for the Sixth District.  *See* Compl. ¶¶ 8, 23.

16         On December 8, 2011, Plaintiff, appearing *pro se*, filed the instant complaint.  ECF No. 1.

17  On December 14, 2011, the Court granted Plaintiff's application to proceed *in forma pauperis*.

18  ECF No. 4.  The complaint alleges three claims.  The first two claims against Defendant Johnson in

19  his personal and official capacity are identically titled "42 U.S.C 1983 Violation of Civil Rights

20  and Constitutional Rights, Against State and Federal Statutes Defendant Only."  Compl. ¶¶ 21, 22.

21  The third claim is titled "Federal Torts Claims Act Against State Only."  Compl. ¶ 23.  The

22  gravamen of all three claims is that Defendant falsely made allegations of cocaine possession to

23  intimidate Plaintiff from withdrawing his guilty plea, in violation of the Fourth, Fifth, Sixth, and

24  Fourteenth Amendments to the U.S. Constitution.  Plaintiff seeks $2.5 million in monetary

25  damages and $850,000 in non-monetary damages.  Compl. ¶¶ 26-27.

26

27

28

2

Case No.: 11-CV-06163-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO APPOINT
COUNSEL

**United States District Court**
For the Northern District of California

## II.   Legal Standards

### A.  Motion to Dismiss

A motion to dismiss for failure to state a claim under Rule 12(b)(6) tests the legal sufficiency of a complaint.  *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001).  Dismissal under Rule 12(b)(6) may be based on either (1) the "lack of a cognizable legal theory," or (2) the "absence of sufficient facts alleged under a cognizable legal theory."  *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).  In considering whether the complaint is sufficient to state a claim, the Court must accept as true all of the factual allegations contained in the complaint.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In addition, *pro se* pleadings are liberally construed.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Balistreri*, 901 F.2d at 699.  However, the Court need not accept as true "allegations that contradict matters properly subject to judicial notice or by exhibit" or "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (citation omitted).  While a complaint need not allege detailed factual allegations, it "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp.*, 550 U.S. at 570).  A claim is facially plausible when it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id*.

### B.  Leave to Amend

If a court grants a motion to dismiss, leave to amend should be granted unless the pleading could not possibly be cured by the allegation of other facts.  *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).  A court "may exercise its discretion to deny leave to amend due to 'undue delay, bad faith or dilatory motive on part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party . . . , [and] futility of amendment.'"  *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 892-93 (9th Cir. 2010) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)) (alterations in original).

3

**United States District Court**
For the Northern District of California

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### C. Appointment of Counsel

Plaintiff does not have a constitutional right to the appointment of counsel in this action. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009); *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981).  The Court may request the voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1), but it will do so only if exceptional circumstances exist.  *Palmer*, 560 F.3d at 970; *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1981).  In making this determination, the Court must evaluate the likelihood of success on the merits and the ability of Plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved.  *Palmer*, 560 F.3d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.  Neither of these considerations is dispositive and instead must be viewed together.  *Palmer*, 560 F.3 d at 970 (citation and quotation marks omitted); *Wilborn*, 789 F.2d at 1331.

### III.     Analysis

### A. Motion to Dismiss

Defendant argues that, to the extent Plaintiff's claims are against Defendant in his personal capacity, Defendant is entitled to absolute prosecutorial immunity because the alleged misconduct occurred during a court proceeding where Defendant was functioning in his role as the State's prosecutor.  MTD 4.  Defendant argues that, to the extent Plaintiff's claims are against Defendant in his official capacity, these claims are barred by Eleventh Amendment immunity.  *Id.*  Plaintiff concedes Defendant was "functioning in his role as the State's prosecutor Under Color of Law." Opp'n 6.  However, Plaintiff argues that absolute prosecutorial immunity does not extend where a prosecutor acts outside the scope of his or her authority, such as when a prosecutor commits perjury or presents false evidence and documentation.  *Id.*  As explained below, the Court agrees with Defendant.

### 1.  Prosecutorial Immunity

Absolute immunity protects state prosecutors when they engage in prosecutorial acts, which the Supreme Court has defined as those activities "intimately associated with the judicial phase of the criminal process," such as initiating a prosecution and presenting the government's case.

4

1   *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976); *see also Waggy v. Spokane Cnty. Wash.*, 594 F.3d

2   707, 710-11 (9th Cir. 2010).  "However, prosecutors are entitled to only qualified immunity when

3   they perform investigatory or administrative functions, or are essentially functioning as police

4   officers or detectives."  *Waggy*, 594 F.3d at 710-11 (internal quotation and citation omitted).

5          When determining whether a particular action qualifies as prosecutorial, the Court looks at

6   "the nature of the function performed, not the identity of the actor who performed it."  *Kalina v.*

7   *Fletcher*, 522 U.S. 118, 127 (1997) (quotations omitted).  The Ninth Circuit has held that

8   "[p]rosecutorial immunity extends to the process of plea bargaining."  *Briley v. California*, 564

9   F.2d 849, 856 (9th Cir. 1977) (citation omitted); *accord Cady v. Arenac Cnty.*, 574 F.3d 334, 341

10  (6th Cir. 2009) ("Conduct associated with plea bargains has long been held by this Court to be 'so

11  intimately associated with the prosecutor's role as an advocate of the State in the judicial process'

12  as to warrant absolute immunity.") (citations omitted); *Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d

13  1484, 1492 (10th Cir. 1991) ("[P]lea bargaining [is] an activity that is absolutely immune from

14  liability due to its intimate association with the judicial process."); *Taylor v. Kavanagh*, 640 F.2d

15  450, 453 (2d Cir. 1981) (extending the doctrine of absolute immunity to prosecutor's plea

16  bargaining activities).

17         In this case, Plaintiff does not argue that Defendant was performing investigatory or

18  administrative conduct.  Indeed, Plaintiff concedes that Defendant was "functioning in his role as

19  the State's prosecutor Under Color of Law" when, during judicial proceedings, Defendant

20  allegedly made "False Allegations" regarding "Plaintiff's Possession of cocaine base" in order to

21  "Influence [the] Court Proceeding" and obtain the withdrawal of Plaintiff's guilty plea.  *See* Opp'n

22  4, 6.  Thus, Plaintiff's allegations relate solely to "the prosecutor's role in judicial proceedings" and

23  "plea bargaining."  *See Waggy*, 594 F.3d at 710-11; *Briley*, 564 F.2d at 856.  In other words,

24  Defendant's alleged actions were "intimately associated with the judicial phase of the criminal

25  process."  *Waggy*, 594 F.3d at 710-11.  Accordingly, the Court agrees that absolute prosecutorial

26  immunity applies to the alleged misconduct and bars Plaintiff's suit against Defendant in his

27  personal capacity.

28

5

**United States District Court**
For the Northern District of California

1      Plaintiff's argument that absolute immunity is inapplicable where a prosecutor commits

2  perjury or presents false evidence and documentation is incorrect where, as here, the prosecutor's

3  alleged misconduct is "intimately associated with the judicial phase of the criminal process."

4  Indeed, absolute prosecutorial immunity applies even to a prosecutor's "eliciting false or

5  defamatory testimony from witnesses or for making false or defamatory statements during, and

6  related to, judicial proceedings." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (citations

7  omitted).

8      Although this Court does not condone prosecutorial misconduct, a damages claim under

9  Section 1983 is not available where, as here, the prosecutor's alleged misconduct is intimately

10  associated with the judicial phase of the criminal process. *See Ashelman v. Pope*, 793 F.2d 1072,

11  1075 (9th Cir. 1986) (en banc) (absolute prosecutorial immunity "applies even if it leaves the

12  genuinely wronged defendant without civil redress against a prosecutor whose malicious or

13  dishonest action deprives him of liberty.") (internal quotation marks and citation omitted).

14  Absolute prosecutorial immunity does not deprive Plaintiff of all judicial redress for prosecutorial

15  misconduct.  As the Supreme Court has noted: "Various post-trial procedures are available to

16  determine whether an accused has received a fair trial.  These procedures include the remedial

17  powers of the trial judge, appellate review, and state and federal post-conviction collateral

18  remedies." *Imbler*, 424 U.S. at 427; *see also Taylor*, 640 F.2d at 454 ("Relief for misconduct

19  committed during a plea negotiation includes the setting aside of the plea or ordering specific

20  performance of the agreement.").  Indeed, Plaintiff has appealed his conviction to the California

21  Court of Appeal for the Sixth District.  Compl. ¶ 8.  Moreover, there are means other than civil

22  damages liability under Section 1983 for deterring prosecutorial misconduct.  Prosecutors can be

23  punished criminally for willful deprivations of constitutional rights and disciplined by the bar for

24  prosecutorial misconduct. *See Imbler*, 424 U.S. at 429 (citing 18 U.S.C. § 242).

25      As set forth above, Defendant is entitled to absolute immunity for his alleged misconduct.

26  Without completely altering the basis of his complaint, Plaintiff cannot plead around the absolute

27  immunity accorded to Defendant.  Further amendment is therefore futile.  Accordingly, Plaintiff's

28

Case No.: 11-CV-06163-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO APPOINT
COUNSEL

1   first two claims against Defendant in his personal capacity are dismissed with prejudice.  *See*

2   *Carvalho*, 629 F.3d at 892-93.

3                           **2.  Eleventh Amendment Immunity**

4        Defendant argues that, to the extent Plaintiff's first two claims are against Defendant in his

5   official capacity, these claims are barred by the Eleventh Amendment.  MTD 4.  Plaintiff argues

6   that Eleventh Amendment immunity does not apply while Defendant is "functioning in his role

7   Under Color of Law for False Allegations and False Documentation."  Opp'n 8.  The Court agrees

8   with Defendant.

9        Claims for damages against state officers for actions performed in their official capacities

10  are barred under the Eleventh Amendment, unless the state waives its immunity.  *Kentucky v.*

11  *Graham*, 473 U.S. 159, 169 (1985).  In California, District Attorneys act as state officials, and so

12  possess Eleventh Amendment immunity, when acting in their prosecutorial capacity.  *Del Campo*

13  *v. Kennedy*, 517 F.3d 1070, 1073 (9th Cir. 2008); *Weiner v. San Diego County*, 210 F.3d 1025,

14  1028 (9th Cir. 2000); *see also Pitts v. Cnty. of Kern*, 17 Cal. 4th 340 (1998).

15       As discussed above, Plaintiff's claims against Defendant relate only to Defendants' actions

16  in his prosecutorial capacity.  Thus, Plaintiff's first two claims against Defendant in his official

17  capacity are barred by Eleventh Amendment immunity.  Without completely altering the basis of

18  his complaint, Plaintiff cannot plead around the Eleventh Amendment immunity accorded to

19  Defendant in his official capacity.  Further amendment is therefore futile.  Accordingly, Plaintiff's

20  first two claims against Defendant in his official capacity are dismissed with prejudice.  *See*

21  *Carvalho*, 629 F.3d at 892-93.

22       Plaintiff's third claim, for "Federal Torts Claims Act Against State Only," does not appear

23  to be against Defendant, the Deputy District Attorney.  Accordingly, Plaintiff's third claim must be

24  dismissed.  Plaintiff's third claim appears to be an attempt to impose *respondeat superior* liability

25  on the State of California for Defendant's alleged unconstitutional prosecutorial misconduct.

26  However, California is not named as a defendant to this suit.  Even if California were named as a

27  defendant, Plaintiff's claim against California would be barred by the Eleventh Amendment.  *See*

28

**United States District Court**
For the Northern District of California

7

*Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98 (1984); *see also Curry v. Cnty. of L.A.*, 07-CV-7802-VAP, 2009 WL 1684578, at n.5 (C.D. Cal. June 16, 2009) (noting that California has not waived Eleventh Amendment immunity in federal court and Congress has not abrogated State sovereign immunity against suits under 42 U.S.C. § 1983). Thus, further amendment of this claim would also be futile. Accordingly, Plaintiff's third claim is dismissed with prejudice. *See Carvalho*, 629 F.3d at 892-93.

### B.  Motion to Appoint Counsel

Plaintiff argues he is entitled to pro bono counsel because he is proceeding *in forma pauperis* and he is "not knowledgeable of all court procedures, and filing correct court documentation in a timely manner, nor do[es] [he] understand all rules of the court system and its laws." Pl.'s Mot. 3.  As discussed above, these are not proper bases to obtain appointment of counsel under 28 U.S.C. § 1915(e)(1).  The Court may only appoint counsel if exceptional circumstances exist.  The Court declines to appoint counsel in this case because Plaintiff has failed to show any likelihood of success on the merits and the principles of prosecutorial immunity are well established.  Accordingly, Plaintiff's motion to appoint counsel is DENIED.

### IV.    Conclusion

For the foregoing reasons, Defendant's motion to dismiss Plaintiff's complaint is GRANTED.  Plaintiff's complaint is dismissed with prejudice.  Plaintiff's motion to appoint counsel is DENIED.  The Clerk shall close the file.

**IT IS SO ORDERED.**

Dated: July 13, 2012

_Lucy H. Koh_
LUCY H. KOH
United States District Judge

Case No.: 11-CV-06163-LHK
ORDER GRANTING DEFENDANT'S MOTION TO DISMISS; DENYING PLAINTIFF'S MOTION TO APPOINT COUNSEL